## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

**VICTORIA WATKINS,**

    **Plaintiff,**

**v.**                     **CASE NO:**

**GLOBAL CONNECTIONS TO EMPLOYMENT, INC.,**

    **Defendant.**

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, VICTORIA WATKINS, (hereinafter "Plaintiff" or "Ms. Watkins"), by and through the undersigned counsel, hereby sues Defendant, GLOBAL CONNECTIONS TO EMPLOYMENT, INC., (hereinafter "Defendant," "Global Connections," or "Company") and alleges:

## INTRODUCTION

1.    The Plaintiff brings this action against Defendant, her former employer, seeking to recover damages for unlawful discrimination based on disability, failure to accommodate, and retaliation in violation of the Americans with Disabilities Act of 1990, as amended ("ADA"), 42 U.S.C. §

12101 et seq., and the Florida Civil Rights Act of 1992, as amended, § 760.10 et seq. ("FCRA").

2.      As further set forth below, Plaintiff alleges that Defendant unlawfully discriminated against her, failed to provide reasonable accommodations for her disabilities, altered the terms, conditions, and privileges of her employment because of her disabilities, and retaliated against her for requesting reasonable accommodations in violation of her rights under the ADA and the FCRA.

3.      As a direct and proximate result of Defendant's unlawful actions, Plaintiff has suffered actual damages: loss of income, loss of opportunity for future income, loss of benefits, and loss of future pay increases. In addition, she has suffered and continues to suffer loss of her professional and personal reputation, emotional distress, mental anguish, embarrassment, and humiliation.

4.      Plaintiff has incurred costs and attorney's fees in bringing this matter.

## JURISDICTION AND VENUE

5.      This Court has jurisdiction of this action pursuant to 28 U.S.C. §§ 1331 and 1343 and 42 U.S.C. § 2000e-5. This Court has supplemental

jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. §1367(a) and the principles of pendent jurisdiction.

6.     This Court has jurisdiction to grant declaratory relief, declare the rights and legal relations of the parties, and order further relief pursuant to 28 U.S.C. §§ 2201 and 2202.

7.     Venue is proper in the United States District Court for the Middle District of Florida, Tampa Division, pursuant to 28 U.S.C. §§ 1391(b)(2) because a substantial part of the events or omissions giving rise to Plaintiff's claims herein occurred within this District and Division and pursuant to 42 U.S.C. § 2000e-5(f)(3) because the unlawful employment practices out of which Plaintiff's claims herein arise were committed within this District and Division. All facts and circumstances arising from this dispute took place in Hillsborough County, Florida.

## PARTIES

8.     Plaintiff is Victoria Watkins, a 36-year-old female who has been diagnosed with a disability classified under the AbilityOne Program as "Mild Mental Retardation," which is characterized by limited concentration and ability to pay attention to detail, being easily distracted, difficulty understanding time management, and limited ability to learn complex tasks.

Plaintiff also suffered temporary back injury and medical restrictions from a car accident prior to her employment.

9.    Plaintiff is a member of a class protected against discrimination and retaliation based on her disability under the ADA and the FCRA.

10.    At all times material herein, Plaintiff met the definitions of "employee" and "eligible employee" under all applicable federal and state statutes.

11.    At all times material herein, Plaintiff was an employee entitled to protection as defined by the ADA and the FCRA.

12.    The Defendant, GLOBAL CONNECTIONS TO EMPLOYMENT, INC., is a non-profit organization operating under the Federal AbilityOne Program with a principal place of business located at 2001 North E Street, Pensacola, FL 32501.

13.    At all times material herein, Defendant regularly conducted, and continues to conduct, business throughout Florida, including at MacDill Air Force Base in Tampa, Florida, where Defendant employed Plaintiff, and employs approximately 1,669 total employees, including 1,082 employees with documented disabilities under the AbilityOne Program.

14.    At all times material herein, Defendant met, and continues to

meet, the definitions of "employer" under all applicable federal and state statutes including, but not limited to the ADA and the FCRA.

15.     Accordingly, Defendant is liable under the ADA and the FCRA for the unlawful discrimination and retaliation to which it subjected Plaintiff.

## ADMINISTRATIVE PREREQUISITES

16.     Plaintiff has properly exhausted all administrative prerequisites prior to filing the instant lawsuit.

17.     On November 21, 2024, Plaintiff timely dual filed a Charge of Discrimination with the United States Equal Employment Opportunity Commission ("EEOC") and the Florida Commission on Human Relations ("FCHR") against Defendant alleging, among other things, disability discrimination and failure to accommodate. On November 23, 2024, Plaintiff filed an amended Charge of Discrimination adding retaliation claims.

18.     On September 25, 2025, the EEOC issued Plaintiff a Notice of Right to Sue in reference to her Charge of Discrimination (EEOC Charge No. 511-2024-03445) against Defendant.

19.     More than one hundred eighty (180) days have elapsed since the filing of Plaintiff's Charge of Discrimination and the FCHR has not conciliated or determined whether there is reasonable cause. Therefore,

Plaintiff is entitled to bring her FCRA claims in the instant civil action against Defendant and jurisdiction is proper in this Court. See §§ 760.11(4)(a) and 760.11(8), Florida Statutes.

20.    All conditions precedent to bringing this action have been performed or have occurred.

## GENERAL ALLEGATIONS

21.    Plaintiff Victoria Watkins has been diagnosed with a disability classified under the AbilityOne Program as "Mild Mental Retardation," which is characterized by limited concentration and ability to pay attention to detail, being easily distracted, difficulty understanding time management, and limited ability to learn complex tasks. Ms. Watkins' disability substantially limits one or more of her major life activities, including but not limited to concentrating, thinking, and learning.

22.    Prior to her car accident in late 2023, Ms. Watkins had successfully worked for Defendant Global Connections to Employment, Inc. from 2006 to 2018 as a custodian/janitor at MacDill Air Force Base in Tampa, Florida.

23.    During her previous employment from 2006-2018, Defendant successfully provided Ms. Watkins with reasonable accommodations for her

disability, including close supervision for redirection, structured and repetitive routine, and assignment to repetitive cleaning work tasks at a single location. These accommodations allowed Ms. Watkins to perform her job duties effectively for over twelve years.

24.    In late 2023, prior to her rehire with Defendant, Ms. Watkins was involved in a car accident that resulted in back pain and temporary medical restrictions. Her treating physician imposed temporary restrictions of no bending, twisting, or lifting over 15-20 pounds while Ms. Watkins awaited MRI results to determine the extent of any injury.

25.    On January 15, 2024, Defendant rehired Ms. Watkins to work as a custodian at the MacDill Air Force Base location, the same position and location where she had previously worked successfully for over twelve years with accommodations.

26.    On January 16, 2024, Ms. Watkins attended and completed orientation for her new position. During orientation, Ms. Watkins informed her supervisor, Mercy Randolph, about her recent car accident and the temporary medical restrictions that had been imposed by her treating physician.

27.    Also on January 16, 2024, Ms. Watkins submitted a formal ADA

accommodation request for light duty work to her Manager, Fuad Muratovic, explaining her temporary medical restrictions resulting from the car accident. Ms. Watkins' request was reasonable and related to temporary restrictions that would not permanently affect her ability to perform the essential functions of her job.

28.    After submitting her accommodation request on January 16, 2024, Ms. Watkins was sent home by Defendant and told to await follow-up from Human Resources regarding her accommodation request.

29.    On January 17, 2024, just one day after submitting her accommodation request, Ms. Watkins provided Defendant with medical documentation from her treating physician supporting her accommodation request and confirming her temporary medical restrictions.

30.    Following her submission of the accommodation request and medical documentation, Defendant failed to engage in the interactive process required under the ADA. Defendant did not contact Ms. Watkins to discuss potential accommodations, explore temporary work assignments, or determine what reasonable accommodations could be provided during her temporary restriction period.

31.    For approximately two months following her accommodation

request, from January 2024 through February 2024, Ms. Watkins repeatedly attempted to contact Defendant to inquire about the status of her accommodation request and her employment status. Defendant failed to respond to Ms. Watkins' attempts to communicate.

32.    During this two-month period, Defendant made no effort to engage with Ms. Watkins regarding potential accommodations, despite having successfully accommodated her disability-related needs for over twelve years in the same position at the same location.

33.    In February 2024, after weeks of unsuccessful attempts to contact Defendant, Ms. Watkins finally emailed Defendant's Human Resources department asking if she still had her job and requesting written notice if she had been terminated.

34.    Also in February 2024, Ms. Watkins re-emailed her doctor's note and medical documentation to Human Resources in an attempt to facilitate the accommodation process.

35.    On February 2, 2024, approximately two to three weeks after Ms. Watkins submitted her accommodation request and medical documentation, Defendant terminated Ms. Watkins via email from Human Resources.

36.    Defendant's termination of Ms. Watkins occurred in close temporal proximity to her accommodation request, without any attempt to engage in the interactive process, and without exploring whether reasonable accommodations could be provided for her temporary medical restrictions.

37.    Defendant's termination was particularly egregious given that Ms. Watkins had successfully performed the same job with accommodations for over twelve years, and her temporary medical restrictions were exactly that—temporary, pending MRI results.

38.    Following termination, Ms. Watkins obtained her MRI results, which showed that she "was fine," confirming that her medical restrictions were indeed temporary in nature and that Defendant's failure to accommodate was unreasonable.

39.    At the time of Ms. Watkins' termination, Defendant employed 1,669 total employees, including 1,082 employees with documented disabilities under the AbilityOne Program, demonstrating Defendant's resources and experience in accommodating employees with disabilities.

40.    Ms. Watkins' work unit at MacDill Air Force Base consisted of 94 employees total, with 68 employees having documented disabilities, further demonstrating Defendant's capacity and experience in managing employees

with disabilities in the exact work environment where Ms. Watkins was employed.

41.    As a direct and proximate result of Defendant's discrimination, failure to accommodate, and retaliation, Ms. Watkins has suffered significant damages including lost wages, lost benefits, emotional distress, and depression requiring medical treatment and medication.

42.    Ms. Watkins has been forced to seek medical treatment and prescription medication for depression that developed as a result of Defendant's discriminatory treatment and wrongful termination.

43.    Ms. Watkins ultimately secured new employment as a custodian with Bonafide starting December 6, 2021, at a wage of $22.85 per hour, but has suffered lost wages and benefits as a result of Defendant's unlawful actions.

44.    The close temporal proximity between Ms. Watkins' accommodation request on January 16, 2024, and her termination on February 2, 2024—approximately two to three weeks—establishes a clear causal connection between her protected activity of requesting reasonable accommodations and Defendant's adverse employment action of termination.

45.    Defendant's failure to engage in any interactive process, combined with the immediate termination following Ms. Watkins' accommodation request, demonstrates that Defendant terminated Ms. Watkins in retaliation for exercising her rights under the ADA rather than for any legitimate business reason.

46.    Defendant's actions were particularly discriminatory given that Ms. Watkins' accommodation request was for temporary restrictions that would have resolved upon completion of her MRI, which ultimately showed no permanent injury requiring ongoing accommodations.

47.    Defendant's treatment of Ms. Watkins stands in stark contrast to its successful accommodation of her disability-related needs during her previous twelve-year employment and its ongoing accommodation of over 1,000 other employees with disabilities under the AbilityOne Program.

48.    As a result of Defendant's discrimination, failure to accommodate, and retaliation, Ms. Watkins has suffered and continues to suffer significant economic losses, including lost wages of approximately $135,000 over three years, lost benefits, and loss of opportunity for future income and pay increases.

49.    Ms. Watkins has also suffered severe emotional distress, mental

anguish, depression, embarrassment, and humiliation as a direct result of Defendant's unlawful conduct, requiring ongoing medical treatment and prescription medication including Fluoxetine and Doxepin.

50.    Defendant's conduct was willful, wanton, malicious, and in reckless disregard of Ms. Watkins' federally protected rights under the ADA, warranting an award of punitive damages.

**COUNT I**
**VIOLATION OF THE AMERICANS WITH DISABILITIES ACT**
**Disability Discrimination**
**42 U.S.C. §§ 12101-12213**

51.    Plaintiff alleges, realleges, and incorporates by reference all allegations set forth in each of the preceding Paragraphs 1 through 50 of this Complaint as though fully set forth herein.

52.    Plaintiff is a 36-year-old female who has been diagnosed with a disability classified under the AbilityOne Program as "Mild Mental Retardation," which is characterized by limited concentration and ability to pay attention to detail, being easily distracted, difficulty understanding time management, and limited ability to learn complex tasks.

53.    At all times material herein, Defendant employed Plaintiff and Defendant was an "employer" within the meaning of the ADA.

54.    At all times material herein, Defendant employed, and continues to employ, approximately 1,669 total employees, including 1,082 employees with documented disabilities under the AbilityOne Program. As such, at all times material herein, Defendant was and is an "employer" within the meaning of the ADA. 42 U.S.C. § 12101 et seq.

55.    Moreover, Defendant is a "person" within the meaning of the ADA, 42 U.S.C. § 12101 et seq.

56.    At all times material herein, Plaintiff was a qualified individual with a disability within the meaning of the ADA who, with or without reasonable accommodation, could perform the essential functions of her position as a custodian.

57.    Plaintiff's disability substantially limits one or more of her major life activities, including but not limited to concentrating, thinking, and learning, and therefore constitutes a disability within the meaning of the ADA.

58.    Defendant, as Plaintiff's employer, was obligated to guard against the discrimination of Plaintiff by its supervisors, managers, and other agents and to protect Plaintiff from discrimination in the workplace based on her disability.

59.    However, Plaintiff was subjected to discriminatory treatment at the hands of Defendant's supervisors and management, as more particularly alleged hereinabove, because of her disability and her request for reasonable accommodations related to temporary medical restrictions.

60.    Plaintiff believed that Defendant's discriminatory acts materially altered the terms and conditions of her employment. Further, a reasonable person would have found that the discriminatory acts of Defendant's supervisors and management materially altered the terms and conditions of Plaintiff's employment.

61.    Plaintiff did not welcome the discriminatory acts and did not directly or indirectly invite or solicit them by her own acts or statements.

62.    At all times material herein, Defendant knew, or in the exercise of reasonable care should have known, about the discrimination against Plaintiff based on her disability, but did not take prompt remedial action.

63.    Defendant violated the ADA by subjecting Plaintiff to discrimination because of her disability by terminating her employment shortly after she requested reasonable accommodations, despite having successfully accommodated her disability for over twelve years in the same position at the same location.

64.    Further, Defendant failed to prevent and promptly correct workplace discrimination. Defendant's supervisors, managers, and Human Resources personnel who learned about Plaintiff's accommodation request and temporary medical restrictions failed to promptly take steps to engage in the interactive process or explore reasonable accommodations.

65.    Instead, as more particularly alleged hereinabove, Defendant further perpetuated the discrimination by failing to enter into any type of interactive process and by terminating Plaintiff's employment in close temporal proximity to her accommodation request.

66.    The conduct of Defendant, by and through its employees, supervisors, managers, and agents, and Defendant's failure to exercise reasonable care to prevent and/or to take prompt and effective investigative and remedial action to prevent the discrimination of Plaintiff, deprived her of statutory rights under the ADA.

67.    Defendant's actions constitute discrimination in violation of the ADA.

68.    As a direct, proximate and foreseeable result of Defendant's aforementioned actions, inactions, and violations of the ADA, Plaintiff has suffered, continues to suffer, and will suffer the following: (a) lost wages and

benefits, past and future; (b) lost earning capacity; and (c) noneconomic damages, including, but not limited to, pain and suffering, mental anguish, emotional distress, humiliation, loss of dignity, loss of the capacity for the enjoyment of life, irreparable damages to her family and relationships, and other nonpecuniary losses and intangible injuries.

**WHEREFORE**, the Plaintiff, VICTORIA WATKINS, requests trial by jury of all issues so triable as of right, demands judgment against the Defendant, GLOBAL CONNECTIONS TO EMPLOYMENT, INC., and in favor of Plaintiff, and respectfully requests that this Court grant the following relief:

A.   Grant judgment in favor of Plaintiff and declare that Defendant has violated the ADA. 42 U.S.C. § 12101 et seq., as amended, and its implementing Regulations, discriminating against Plaintiff based on her disability;

B.   Award sufficient remedial relief to make Plaintiff whole for the individual loss that she has suffered because of the discrimination to which Defendant subjected her, including, but not limited to, front pay in lieu of reinstatement, full backpay with interest, pension and related benefits, and any other

appropriate nondiscriminatory measures to overcome the effects of the discrimination she has endured;

C.      Award compensatory damages to Plaintiff in an amount that will fully, justly, and reasonably compensate Plaintiff for the nature, extent, and duration of her injuries and damages caused by Defendant's discriminatory conduct and actions pursuant to the ADA;

D.      Award Plaintiff all other damages available under the ADA, including, but not limited to, the damages set forth above and other economic losses proximately caused and allowable under the ADA, according to proof;

E.      Award Plaintiff pre- and post-judgment interest calculated at the prevailing rate, as provided by law;

F.      Award Plaintiff her attorneys' fees, reasonable expert witness fees, and the costs of this action; and

G.      Grant such other and further relief as this Court may deem equitable, just, and proper.

<u>COUNT II</u>
## VIOLATION OF THE AMERICANS WITH DISABILITIES ACT
### Failure to Accommodate
### 42 U.S.C. §§ 12101-12213

69.    Plaintiff alleges, realleges, and incorporates by reference all allegations set forth in each of the preceding Paragraphs 1 through 50 of this Complaint as though fully set forth herein.

70.    Plaintiff is a 36-year-old female who has been diagnosed with a disability classified under the AbilityOne Program as "Mild Mental Retardation," and who also had temporary medical restrictions from a car accident prior to her rehire.

71.    At all times material herein, Defendant employed Plaintiff and Defendant was an "employer" within the meaning of the ADA.

72.    Moreover, Defendant is a "person" within the meaning of the ADA, 42 U.S.C. § 12101 et seq.

73.    At all times material herein, Plaintiff was a qualified individual with a disability within the meaning of the ADA who, with reasonable accommodation, could perform the essential functions of her position as a custodian.

74.    Defendant had actual knowledge of Plaintiff's disability, as she

had been classified under the AbilityOne Program and had been successfully accommodated by Defendant for over twelve years in the same position from 2006-2018.

75. On January 16, 2024, Plaintiff requested reasonable accommodations in the form of light duty work due to temporary medical restrictions resulting from a car accident, which included restrictions on bending, twisting, and lifting over 15-20 pounds while awaiting MRI results.

76. Plaintiff's requested accommodation was reasonable and would not have imposed an undue hardship on Defendant, particularly given that Defendant had successfully accommodated her disability-related needs for over twelve years in the same position and location.

77. The requested accommodation was temporary in nature, as Plaintiff was awaiting MRI results to determine the extent of her injury from the car accident.

78. Defendant failed to engage in the interactive process required under the ADA to determine what reasonable accommodations could be provided to enable Plaintiff to perform the essential functions of her job.

79. Despite Plaintiff providing medical documentation from her treating physician on January 17, 2024, supporting her accommodation

request and confirming her temporary medical restrictions, Defendant failed to respond or engage in any discussion regarding potential accommodations.

80. For approximately two months, Defendant failed to communicate with Plaintiff regarding her accommodation request or explore any potential reasonable accommodations, including temporary work assignments or modified duties.

81. Defendant's failure to accommodate was particularly egregious given its extensive experience accommodating employees with disabilities under the AbilityOne Program, employing 1,082 employees with documented disabilities out of its total workforce of 1,669 employees.

82. At Plaintiff's specific work unit at MacDill Air Force Base, 68 out of 94 total employees had documented disabilities, demonstrating Defendant's capacity and experience in managing employees with disabilities in the exact work environment where Plaintiff was employed.

83. Rather than engage in the interactive process or explore reasonable accommodations, Defendant terminated Plaintiff's employment on February 2, 2024, approximately two to three weeks after her accommodation request.

84.    Defendant's failure to accommodate was not based on undue hardship or inability to provide reasonable accommodations, but rather on Defendant's unwillingness to engage in the required interactive process.

85.    Subsequent MRI results showed that Plaintiff "was fine," confirming that her requested accommodations were indeed temporary in nature and that Defendant's failure to provide temporary accommodations was unreasonable.

86.    As a direct, proximate and foreseeable result of Defendant's failure to provide reasonable accommodations and failure to engage in the interactive process, Plaintiff has suffered, continues to suffer, and will suffer the following: (a) lost wages and benefits, past and future; (b) lost earning capacity; and (c) noneconomic damages, including, but not limited to, pain and suffering, mental anguish, emotional distress, humiliation, loss of dignity, loss of the capacity for the enjoyment of life, irreparable damages to her family and relationships, and other nonpecuniary losses and intangible injuries.

**WHEREFORE**, the Plaintiff, VICTORIA WATKINS, requests trial by jury of all issues so triable as of right, demands judgment against the Defendant, GLOBAL CONNECTIONS TO EMPLOYMENT, INC., and in

favor of Plaintiff, and respectfully requests that this Court grant the following relief:

A.    Grant judgment in favor of Plaintiff and declare that Defendant has violated the ADA. 42 U.S.C. § 12101 et seq., as amended, and its implementing Regulations, by failing to provide reasonable accommodations and failing to engage in the interactive process;

B.    Award sufficient remedial relief to make Plaintiff whole for the individual loss that she has suffered because of Defendant's failure to accommodate, including, but not limited to, front pay in lieu of reinstatement, full backpay with interest, pension and related benefits, and any other appropriate nondiscriminatory measures to overcome the effects of Defendant's failure to accommodate;

C.    Award compensatory damages to Plaintiff in an amount that will fully, justly, and reasonably compensate Plaintiff for the nature, extent, and duration of her injuries and damages caused by Defendant's failure to accommodate pursuant to the ADA;

D.    Award Plaintiff all other damages available under the ADA, including, but not limited to, the damages set forth above and

other economic losses proximately caused and allowable under the ADA, according to proof;

E.    Award Plaintiff pre- and post-judgment interest calculated at the prevailing rate, as provided by law;

F.    Award Plaintiff her attorneys' fees, reasonable expert witness fees, and the costs of this action; and

G.    Grant such other and further relief as this Court may deem equitable, just, and proper.

<u>COUNT III</u>
**VIOLATION OF THE AMERICANS WITH DISABILITIES ACT**
**Retaliation**
**42 U.S.C. §§ 12101-12213**

87.    Plaintiff alleges, realleges, and incorporates by reference all allegations set forth in each of the preceding Paragraphs 1 through 50 of this Complaint as though fully set forth herein.

88.    Plaintiff is a 36-year-old female who has been diagnosed with a disability classified under the AbilityOne Program as "Mild Mental Retardation."

89.    At all times material herein, Defendant employed Plaintiff and Defendant was an "employer" within the meaning of the ADA.

90.    Moreover, Defendant is a "person" within the meaning of the ADA, 42 U.S.C. § 12101 et seq.

91.    At all times material herein, Defendant employed Plaintiff.

92.    On January 16, 2024, Plaintiff engaged in protected activity under the ADA by requesting reasonable accommodations for temporary medical restrictions resulting from a car accident.

93.    Plaintiff's request for reasonable accommodations constituted protected activity under the ADA as she was asserting her rights to reasonable accommodations as a qualified individual with a disability.

94.    Defendant subjected Plaintiff to adverse employment actions by terminating her employment on February 2, 2024, in retaliation for her request for reasonable accommodations.

95.    The close temporal proximity between Plaintiff's accommodation request on January 16, 2024, and her termination on February 2, 2024—approximately two to three weeks—establishes a clear causal connection between her protected activity and Defendant's adverse employment action.

96.    The actions and inaction of Defendant, by and through the conduct of its employees, supervisors, managers, and agents, as more

particularly described hereinabove, constitute unlawful retaliation.

97.    As her employer, Defendant was obligated to guard against the retaliation of Plaintiff by her co-workers, supervisors, managers, and other agents of Defendant and to protect Plaintiff from retaliation in the workplace.

98.    Defendant violated the ADA by, among other things, failing to promptly correct the retaliatory conduct toward Plaintiff once it learned of it.

99.    Plaintiff, by being subjected to this retaliation created by Defendant, was unreasonably and negatively affected in the terms, conditions, or privileges of her employment with Defendant.

100.    The conduct of Defendant, by and through its employees, supervisors, managers, and other agents, and Defendant's failure to exercise reasonable care to prevent and/or to take prompt and effective investigative and remedial action to prevent the retaliation of Plaintiff, deprived her of statutory rights under the ADA.

101.    Defendant's retaliatory conduct was particularly egregious given that Plaintiff had successfully worked for Defendant for over twelve years in the same position with accommodations, and her accommodation

request was for temporary restrictions pending MRI results.

102. Defendant's termination of Plaintiff was not based on any legitimate business reason, but rather in retaliation for her exercise of her federally protected rights under the ADA.

103. As a direct, proximate, and foreseeable result of Defendant's aforementioned actions and omissions, Plaintiff has suffered, continues to suffer, and will suffer the following: (a) lost wages and benefits, past and future; (b) lost earning capacity; (c) noneconomic damages, including, but not limited to, pain and suffering, mental anguish, loss of dignity, loss of the capacity for the enjoyment of life, and irreparable damages to her family and relationships; and (d) other economic losses proximately caused and allowable under the ADA, according to proof.

**WHEREFORE**, the Plaintiff, VICTORIA WATKINS, requests trial by jury of all issues so triable as of right, demands judgment against the Defendant, GLOBAL CONNECTIONS TO EMPLOYMENT, INC., and in favor of Plaintiff, and respectfully requests that this Court grant the following relief:

A.    Grant judgment in favor of Plaintiff and declare that Defendant has violated the ADA. 42 U.S.C. § 12101 et seq., as amended, and its implementing Regulations by retaliating against Plaintiff for requesting reasonable accommodations;

B.    Award sufficient remedial relief to make Plaintiff whole for the individual loss that she has suffered because of the retaliation to which Defendant subjected her, including, but not limited to, front pay in lieu of reinstatement, full backpay with interest, pension and related benefits, and any other appropriate nondiscriminatory measures to overcome the effects of the retaliation she has endured;

C.    Award compensatory damages to Plaintiff in an amount that will fully, justly, and reasonably compensate Plaintiff for the nature, extent, and duration of her injuries and damages caused by Defendant's retaliatory conduct and actions pursuant to the ADA;

D.    Award Plaintiff all other damages available under the ADA, including, but not limited to, the damages set forth above and

other economic losses proximately caused and allowable under the ADA, according to proof;

E.    Award Plaintiff pre- and post-judgment interest calculated at the prevailing rate, as provided by law;

F.    Award Plaintiff her attorneys' fees, reasonable expert witness fees, and the costs of this action; and

G.    Grant such other and further relief as this Court may deem equitable, just, and proper.

**COUNT IV**
**VIOLATION OF FLORIDA CIVIL RIGHTS ACT**
**Disability Discrimination**
**Florida Statutes §§ 760.01-11**

104.    Plaintiff alleges, realleges, and incorporates by reference all allegations set forth in each of the preceding Paragraphs 1 through 50 of this Complaint as though fully set forth herein.

105.    Plaintiff is a 36-year-old female who has been diagnosed with a disability classified under the AbilityOne Program as "Mild Mental Retardation," which is characterized by limited concentration and ability to pay attention to detail, being easily distracted, difficulty understanding time management, and limited ability to learn complex tasks.

106.   At all times material herein, Defendant employed Plaintiff and Defendant was and is an "employer" within the meaning of the FCRA.

107.   Defendant is a "person" within the meaning of the FCRA, § 760.02(6), Florida Statutes, in that the definition includes "an individual, association, corporation, joint apprenticeship committee, joint-stock company, labor union, legal representative, mutual company, partnership, receiver, trust, trustee in bankruptcy, or unincorporated organization; any other legal or commercial entity; the state; or any governmental entity or agency." § 760.02(6), Florida Statutes.

108.   At all times material herein, Defendant was and is an "employer" within the meaning of the FCRA. § 760.02(7), Florida Statutes.

109.   Defendant, as Plaintiff's employer, was obligated to guard against the discrimination of Plaintiff by her co-workers, supervisors, managers, and other persons and to protect Plaintiff from discrimination in the workplace.

110.   However, Plaintiff was subjected to discrimination because of her disability through discriminatory treatment by Defendant and its employees, supervisors, managers, and other agents, who terminated

Plaintiff after she requested reasonable accommodations for temporary medical restrictions.

111. Plaintiff believed that Defendant's discriminatory behavior materially altered the terms and conditions of her employment. Further, a reasonable person would have found that Defendant's offensive acts and discriminatory treatment materially altered the terms and conditions of Plaintiff's employment.

112. Plaintiff did not welcome the discriminatory treatment and did not directly or indirectly invite or solicit it by her own acts or statements.

113. At all times material herein, Defendant knew, or in the exercise of reasonable care should have known, the discrimination suffered by Plaintiff, but did not take prompt remedial action to eliminate the discriminatory behavior.

114. Defendant violated the FCRA by subjecting Plaintiff to discrimination because of her disability and by failing to promptly correct it once it learned of it.

115. Plaintiff, by being subjected to this discrimination created by Defendant, was unreasonably and negatively affected in the terms, conditions, or privileges of her employment with Defendant.

116. The conduct of Defendant, by and through its employees, supervisors, managers, and other agents, and Defendant's failure to exercise reasonable care to prevent and/or to take prompt and effective investigative and remedial action to prevent the discrimination of Plaintiff, deprived her of statutory rights under the FCRA.

117. As a direct, proximate, and foreseeable result of Defendant's aforementioned actions and omissions, Plaintiff has suffered, continues to suffer, and will suffer the following: (a) lost wages and benefits, past and future; (b) lost earning capacity; (c) noneconomic damages, including, but not limited to, pain and suffering, mental anguish, loss of dignity, loss of the capacity for the enjoyment of life, and irreparable damages to her family and relationships; and (d) other economic losses proximately caused and allowable under the FCRA, according to proof.

**WHEREFORE**, the Plaintiff, VICTORIA WATKINS, requests trial by jury of all issues so triable as of right, demands judgment against the Defendant, GLOBAL CONNECTIONS TO EMPLOYMENT, INC., and in favor of Plaintiff, and respectfully requests that this Court grant the following relief:

A.    Grant judgment in favor of Plaintiff and declare that Defendant has violated the FCRA by discriminating against Plaintiff based on her disability;

B.    Award sufficient remedial relief to make Plaintiff whole for the individual loss that she has suffered because of Defendant's discrimination against her, including, but not limited to, front pay in lieu of reinstatement, full backpay with interest, pension and related benefits, and any other appropriate nondiscriminatory measures to overcome the effects of the discrimination she has endured;

C.    Award compensatory damages to Plaintiff in a sum that will properly and completely compensate Plaintiff for the nature, extent, and duration of the injuries and damages caused by Defendant's discriminatory conduct and actions, pursuant to and within the statutory limitations of the FCRA;

D.    Award Plaintiff all other damages available under the FCRA, including, but not limited to, the damages set forth above and other economic losses proximately caused and allowable under the FCRA, according to proof;

E.      Award Plaintiff pre- and post-judgment interest;

F.      Award Plaintiff her attorneys' fees, including litigation expenses, and the costs of this action; and

G.      Grant such other and further relief as this Court may deem equitable, just, and proper.

## COUNT V
## VIOLATION OF FLORIDA CIVIL RIGHTS ACT
### Retaliation
### Florida Statutes §§ 760.01-11

118.   Plaintiff alleges, realleges, and incorporates by reference all allegations set forth in each of the preceding Paragraphs 1 through 50 of this Complaint as though fully set forth herein.

119.   Plaintiff is a 36-year-old female who has been diagnosed with a disability classified under the AbilityOne Program as "Mild Mental Retardation."

120.   At all times material herein, Defendant employed Plaintiff and Defendant was and is an "employer" within the meaning of the FCRA.

121.   Defendant is a "person" within the meaning of the FCRA, § 760.02(6), Florida Statutes.

122.   At all times material herein, Defendant employed Plaintiff.

123.   On January 16, 2024, Plaintiff engaged in protected activity under the FCRA by requesting reasonable accommodations for temporary medical restrictions resulting from a car accident.

124.   Plaintiff's request for reasonable accommodations constituted protected activity under the FCRA as she was asserting her rights to reasonable accommodations as a qualified individual with a disability.

125.   Defendant subjected Plaintiff to adverse employment actions by terminating her employment on February 2, 2024, in retaliation for her request for reasonable accommodations.

126.   The close temporal proximity between Plaintiff's accommodation request on January 16, 2024, and her termination on February 2, 2024—approximately two to three weeks—establishes a clear causal connection between her protected activity and Defendant's adverse employment action.

127.   The actions and inaction of Defendant, by and through the conduct of its employees, supervisors, managers, and agents, as more particularly described hereinabove, constitute unlawful retaliation under the FCRA.

128. As her employer, Defendant was obligated to guard against the retaliation of Plaintiff by her co-workers, supervisors, managers, and other agents of Defendant and to protect Plaintiff from retaliation in the workplace.

129. Defendant violated the FCRA by, among other things, failing to promptly correct the retaliatory conduct toward Plaintiff once it learned of it.

130. Plaintiff, by being subjected to this retaliation created by Defendant, was unreasonably and negatively affected in the terms, conditions, or privileges of her employment with Defendant.

131. The conduct of Defendant, by and through its employees, supervisors, managers, and other agents, and Defendant's failure to exercise reasonable care to prevent and/or to take prompt and effective investigative and remedial action to prevent the retaliation of Plaintiff, deprived her of statutory rights under the FCRA.

132. Defendant's retaliatory conduct was particularly egregious given that Plaintiff had successfully worked for Defendant for over twelve years in the same position with accommodations, and her accommodation request was for temporary restrictions pending MRI results.

133.   Defendant's termination of Plaintiff was not based on any legitimate business reason, but rather in retaliation for her exercise of her rights under the FCRA.

134.   As a direct, proximate, and foreseeable result of Defendant's aforementioned actions and omissions, Plaintiff has suffered, continues to suffer, and will suffer the following: (a) lost wages and benefits, past and future; (b) lost earning capacity; (c) noneconomic damages, including, but not limited to, pain and suffering, mental anguish, loss of dignity, loss of the capacity for the enjoyment of life, and irreparable damages to her family and relationships; and (d) other economic losses proximately caused and allowable under the FCRA, according to proof.

WHEREFORE, the Plaintiff, VICTORIA WATKINS, requests trial by jury of all issues so triable as of right, demands judgment against the Defendant, GLOBAL CONNECTIONS TO EMPLOYMENT, INC., and in favor of Plaintiff, and respectfully requests that this Court grant the following relief:

A.   Grant judgment in favor of Plaintiff and declare that Defendant has violated the FCRA by retaliating against Plaintiff for requesting reasonable accommodations;

B.     Award sufficient remedial relief to make Plaintiff whole for the individual loss that she has suffered because of the retaliation to which Defendant subjected her, including, but not limited to, front pay in lieu of reinstatement, full backpay with interest, pension and related benefits, and any other appropriate nondiscriminatory measures to overcome the effects of the retaliation she has endured;

C.     Award compensatory damages to Plaintiff in a sum that will properly and completely compensate Plaintiff for the nature, extent, and duration of the injuries and damages caused by Defendant's retaliatory conduct and actions, pursuant to and within the statutory limitations of the FCRA;

D.     Award Plaintiff all other damages available under the FCRA, including, but not limited to, the damages set forth above and other economic losses proximately caused and allowable under the FCRA, according to proof;

E.     Award Plaintiff pre- and post-judgment interest;

F.     Award Plaintiff her attorneys' fees, including litigation expenses, and the costs of this action; and

G.    Grant such other and further relief as this Court may deem equitable, just, and proper.

## COUNT VI
## VIOLATION OF FLORIDA CIVIL RIGHTS ACT
### Failure to Accommodate
### Florida Statutes §§ 760.01-11

135.    Plaintiff alleges, realleges, and incorporates by reference all allegations set forth in each of the preceding Paragraphs 1 through 50 of this Complaint as though fully set forth herein.

136.    Plaintiff is a 36-year-old female who has been diagnosed with a disability classified under the AbilityOne Program as "Mild Mental Retardation," and who also had temporary medical restrictions from a car accident prior to her rehire.

137.    At all times material herein, Defendant employed Plaintiff and Defendant was and is an "employer" within the meaning of the FCRA.

138.    Defendant is a "person" within the meaning of the FCRA, § 760.02(6), Florida Statutes.

139.    At all times material herein, Plaintiff was a qualified individual with a disability within the meaning of the FCRA who, with reasonable

accommodation, could perform the essential functions of her position as a custodian.

140.   Defendant had actual knowledge of Plaintiff's disability, as she had been classified under the AbilityOne Program and had been successfully accommodated by Defendant for over twelve years in the same position from 2006-2018.

141.   On January 16, 2024, Plaintiff requested reasonable accommodations in the form of light duty work due to temporary medical restrictions resulting from a car accident, which included restrictions on bending, twisting, and lifting over 15-20 pounds while awaiting MRI results.

142.   Plaintiff's requested accommodation was reasonable and would not have imposed an undue hardship on Defendant, particularly given that Defendant had successfully accommodated her disability-related needs for over twelve years in the same position and location.

143.   The requested accommodation was temporary in nature, as Plaintiff was awaiting MRI results to determine the extent of her injury from the car accident.

144. Defendant failed to engage in the interactive process to determine what reasonable accommodations could be provided to enable Plaintiff to perform the essential functions of her job under the FCRA.

145. Despite Plaintiff providing medical documentation from her treating physician on January 17, 2024, supporting her accommodation request and confirming her temporary medical restrictions, Defendant failed to respond or engage in any discussion regarding potential accommodations.

146. For approximately two months, Defendant failed to communicate with Plaintiff regarding her accommodation request or explore any potential reasonable accommodations, including temporary work assignments or modified duties.

147. Defendant's failure to accommodate was particularly egregious given its extensive experience accommodating employees with disabilities under the AbilityOne Program, employing 1,082 employees with documented disabilities out of its total workforce of 1,669 employees.

148. Rather than engage in the interactive process or explore reasonable accommodations, Defendant terminated Plaintiff's employment

on February 2, 2024, approximately two to three weeks after her accommodation request.

149.  Defendant's failure to accommodate was not based on undue hardship or inability to provide reasonable accommodations, but rather on Defendant's unwillingness to engage in the required interactive process.

150. Subsequent MRI results showed that Plaintiff "was fine," confirming that her requested accommodations were indeed temporary in nature and that Defendant's failure to provide temporary accommodations was unreasonable.

151.  As a direct, proximate and foreseeable result of Defendant's failure to provide reasonable accommodations and failure to engage in the interactive process under the FCRA, Plaintiff has suffered, continues to suffer, and will suffer the following: (a) lost wages and benefits, past and future; (b) lost earning capacity; and (c) noneconomic damages, including, but not limited to, pain and suffering, mental anguish, emotional distress, humiliation, loss of dignity, loss of the capacity for the enjoyment of life, irreparable damages to her family and relationships, and other nonpecuniary losses and intangible injuries.

WHEREFORE, the Plaintiff, VICTORIA WATKINS, requests trial by jury of all issues so triable as of right, demands judgment against the Defendant, GLOBAL CONNECTIONS TO EMPLOYMENT, INC., and in favor of Plaintiff, and respectfully requests that this Court grant the following relief:

A.  Grant judgment in favor of Plaintiff and declare that Defendant has violated the FCRA by failing to provide reasonable accommodations and failing to engage in the interactive process;

B.  Award sufficient remedial relief to make Plaintiff whole for the individual loss that she has suffered because of Defendant's failure to accommodate, including, but not limited to, front pay in lieu of reinstatement, full backpay with interest, pension and related benefits, and any other appropriate nondiscriminatory measures to overcome the effects of Defendant's failure to accommodate;

C.  Award compensatory damages to Plaintiff in a sum that will properly and completely compensate Plaintiff for the nature, extent, and duration of the injuries and damages caused by

Defendant's failure to accommodate, pursuant to and within the statutory limitations of the FCRA;

D.    Award Plaintiff all other damages available under the FCRA, including, but not limited to, the damages set forth above and other economic losses proximately caused and allowable under the FCRA, according to proof;

E.    Award Plaintiff pre- and post-judgment interest;

F.    Award Plaintiff her attorneys' fees, including litigation expenses, and the costs of this action; and

G.    Grant such other and further relief as this Court may deem equitable, just, and proper..

## DEMAND FOR TRIAL BY JURY

Plaintiff respectfully requests a trial by jury.

Date this 24th day of November 2025.

*/s/ Jason W. Imler, Esq*
Jason W. Imler
Florida Bar No. 1004422
Alberto "Tito" Gonzalez
Florida Bar No. 1037033
**Imler Law**
23110 State Road 54, Unit 407
Lutz, Florida 33549
(P): 813-553-7709

Jason@ImlerLaw.com
Tito@ImlerLaw.com
Ashley@ImlerLaw.com
Tiffany@ImlerLaw.com