**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

VICTORIA WATKINS,
    Plaintiff,

v.                             CASE NO. 8:25-cv-3239-TPB-TGW

GLOBAL CONNECTIONS
TO EMPLOYMENT, INC.,
    Defendant.

_____/

<u>REPORT AND RECOMMENDATION</u>

This cause came on for consideration upon the Plaintiff's Motion for Entry of Default (Doc. 14) against defendant, Global Connections to Employment, Inc., pursuant to Rule 55(b) of the Federal Rules of Civil Procedure. The plaintiff alleges disability discrimination, failure to accommodate, and retaliation under the Americans with Disabilities Act and the Florida Civil Rights Act (Doc. 14, p. 2). The defendant has failed to respond or otherwise defend this action, and the clerk has entered a default (Doc. 12).

The Plaintiff's Motion for Entry of Default (Doc. 14) seeks $40,000.00 in lost wages resulting from the loss of her second job, with damages continuing to accrue at a rate of $347.00 per week through the date of judgment (Doc. 14, p. 14). The plaintiff also seeks $30,000.00 in

compensatory damages for emotional distress, mental anguish, embarrassment, and humiliation (Doc. 14, p. 14). However, the plaintiff is not entitled to back pay beyond the date of the complaint, nor has she established entitlement to compensatory damages for emotional distress. Based on the affidavit, the plaintiff is entitled to lost wages calculated at her hourly rate of $17.35 for 20 hours per week, totaling $347.00 per week. Multiplied by 94 weeks, from February 2, 2024 (the date of termination), through November 24, 2025 (the date the complaint was filed), which totals $32,618.00 in recoverable damages. Accordingly, I recommend that the Plaintiff's Motion for Entry of Default (Doc. 14) be granted in part and that default judgment be entered against the defendant, Global Connections to Employment, Inc., in the amount of $32,618.00.

I.

On November 24, 2025, the plaintiff initiated this action against the defendant, seeking damages for unlawful disability discrimination, failure to accommodate, and retaliation in violation of the Americans with Disabilities Act of 1990 42 U.S.C. § 12101 et seq. ("ADA"), and the Florida Civil Rights Act of 1992 § 760.10 et seq. ("FCRA") (Doc. 1, pp. 1-2). The plaintiff is an individual with a documented disability recognized under the AbilityOne Program as Mild Mental Retardation (Doc. 14, p. 3). The

defendant employes approximately 1,669 individuals, including 1,082 employees with documented disabilities. The plaintiff was previously employed by the defendant as a custodian at MacDill Air Force Base in Tampa, Florida, from 2006 through 2018.

On January 15, 2024, the defendant rehired the plaintiff for a part-time custodial position at an hourly rate of $17.35, with an expected schedule of approximately 20 hours per week. The position was intended to supplement the plaintiff's existing employment. The following day, January 16, 2024, the plaintiff submitted a formal request for reasonable accommodations to her manager, Fuad Muratovic, due to temporary medical restrictions resulting from a car accident. Specifically, she requested light duty work.

After submitting her request, the plaintiff was sent home and instructed to await further communication from Human Resources. However, the defendant made no effort to engage in the interactive process or assess the availability of reasonable accommodations. On February 2, 2024, the defendant terminated the plaintiff via email. The termination occurred in close temporal proximity to her accommodation request and without any attempt to identify or provide reasonable accommodations.

Shortly thereafter, the plaintiff obtained MRI results confirming that she was medically cleared to return to work. Although she has remained employed in her primary custodial position, she has been unable to secure comparable secondary employment since her termination.

On December 3, 2025, the defendant was served with the summons and complaint (Doc. 7-1, p.1) but failed to respond or otherwise appear. Consequently, a default was entered against the defendant (Doc. 12). Subsequently, the plaintiff filed a motion for entry of default (Doc. 14) supported by an affidavit attesting to the expected hours and resulting damages (see Doc. 14-1). The defendant has failed to respond to the motion.

## II.

Pursuant to Rule 55(b)(2) of the Federal Rules of Civil Procedure, a party may seek a default judgment for damages caused by a defaulting party. Here, the plaintiff seeks entry of a default judgment against the defendant in the amount of $40,000.00 in lost wages and $30,000.00 in compensatory damages (Doc. 14, p. 14).

The plaintiff has submitted an affidavit under penalty of perjury detailing her hourly wage, expected weekly hours, and the period during which she received no compensation (Doc. 14-1). The defendant has not disputed this evidence. Thus, the affidavit should be accepted as "sufficient

4

evidence to show the amount and extent of that work as a matter of just and reasonable inference." <u>Anderson</u> v. <u>Mt. Clemens Pottery Co.</u>, 328 U.S. 680, 687 (1946). The burden then shifts to the defendant to rebut this evidence, which the defendant has failed to do. As a result, the Court may "award damages to the employee, even though the result [may] only be approximate." <u>Id</u>. at 688.

The plaintiff's claimed lost wages of $40,000.00 are not supported by sufficient explanation or calculation. However, the record supports an award based on her hourly wage of $17.35 multiplied by 20 hours per week, resulting in $347.00 per week. Over 94 weeks, from February 2, 2024, through November 24, 2025, this amounts to $32,618.00 in lost wages. Additionally, the plaintiff has not provided sufficient evidence to support an award of compensatory damages for emotional distress. Accordingly, the plaintiff has established entitlement to $32,618.00 in damages for lost wages.

For the foregoing reasons, I recommend that the Plaintiff's Motion for Entry of Default (Doc. 14) be **GRANTED IN PART**, and that default judgment be entered in favor of the plaintiff, and against the defendant, Global Connections to Employment, Inc., in the amount of $32,618.00.

Respectfully submitted,

_____
THOMAS G. WILSON
UNITED STATES MAGISTRATE JUDGE

DATED: April ___, 2026.

## NOTICE TO PARTIES

The parties have fourteen days from the date they are served a copy of this report to file written objections to this report's proposed findings and recommendations or to seek an extension of the fourteen-day deadline to file written objections. 28 U.S.C. § 636(b)(1)(C). Under 28 U.S.C. § 636(b)(1), a party's failure to object to this report's proposed findings and recommendations waives that party's right to challenge on appeal the district court's order adopting this report's unobjected-to factual findings and legal conclusions.

6